**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 31 2023

Nathan Ochsner
Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| v. | § | **CRIMINAL NO. B-23-386** |
| **JAIRO VILLEGAS** | § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys ALAMDAR S. HAMDANI, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and Defendant, **JAIRO VILLEGAS**, and Defendant's counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. Defendant agrees to plead guilty to **COUNT ONE** of the Indictment in this case. COUNT ONE charges Defendant with CONSPIRACY TO TRAFFIC IN FIREARMS, in violation of 18 U.S.C. §§ 933(a)(3) and 933(b). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2. As part of this agreement, the United States agrees to recommend credit for acceptance of responsibility; dismissal of the remaining count; and sentencing at the low end of the advisory guideline level that Defendant scores. The government further agrees to recommend that Defendant's relevant conduct be limited to the firearms and ammunition seized on May 25, 2023.

Revised May 2019

3. The penalty for a violation of 18 U.S.C. §§ 933(a)(3) and 933(b) is a maximum term of imprisonment of 15 years, a fine of up to $250,000, and a period of supervised release not to exceed 3 years. Defendant also acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then he may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. Defendant is not eligible for parole for any sentence imposed.

4. Defendant will pay to the United States District Clerk a mandatory special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required by 18 U.S.C. § 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order him to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any is ordered.

6. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of Defendant's sentence, Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing.

8. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands

that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant also recognizes that if he is a naturalized citizen, pleading guilty may result in loss of citizenship. Defendant's attorney has advised Defendant of the potential immigration and/or denaturalization (loss of citizenship) consequences resulting from Defendant's plea of guilty.

9. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>United States Sentencing Guidelines and Policy Statement</u>. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

10. Defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to the specific facts of the present offense. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind

        any other United States Attorney or any other unit of the Department of Justice;

(b)   Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)   Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)   Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)   Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f)   Should the recommended departure, <u>if any</u>, not meet Defendant's expectations, he understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

11.   Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding. If Defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision. Nothing in the foregoing waiver of

appellate and collateral review of rights shall preclude Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the United States Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

12. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

14. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

    (a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)    to set forth or dispute sentencing factors or facts material to sentencing;

    (c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office; and,

    (d)    to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C. § 3553(a).

15. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

16.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

17.     If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

18.     This written plea agreement, consisting of nine pages, including the attached certifications of Defendant and his attorney, constitutes the complete plea agreement

between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

19. Any modification of this plea agreement must be in writing and signed by all parties.

X _____
Defendant

APPROVED:

_____
Assistant United States Attorney

_____
Attorney for Defendant

## CERTIFICATION BY DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the <u>charge</u> pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines and Policy Statements</u> which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

x _Jairo N_             _07/31/2023_
Defendant                                    Date

## CERTIFICATION BY ATTORNEY

I have fully explained to Defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to Defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_[signature]_             _07/31/2023_
Counsel for Defendant                     Date

## PLEA PACKET MEMO

**ASSIGNED AUSA:** ED RODRIGUEZ

**DEFENDANT:** JAIRO VILLEGAS

**CASE#** B-23-386

Recommendation in exchange for Defendant's plea to **COUNT ONE and WAIVER OF APPEAL RIGHTS** as outlined in the plea agreement: <u>**credit for acceptance of responsibility; dismissal of the remaining count; and sentencing at the low end of the advisory guideline level that Defendant scores. The government further agrees to recommend that Defendant's relevant conduct be limited to the firearm and ammunition seized on May 25, 2023**</u>.

## FACT SUMMARY SHEET

On May 25, 2023, Defendant **JAIRO VILLEGAS** attempted to enter Mexico from the United States through the Veterans International Bridge in Cameron County, Texas. **VILLEGAS** was the driver of a vehicle. **VILLEGAS** gave a negative declaration for firearms and ammunition.

The vehicle was referred to secondary inspection. A Customs and Border Protection Officer asked **VILLEGAS** to exit the vehicle for the inspection. **VILLEGAS** then fled on foot. Homeland Security Investigations agents apprehended **VILLEGAS** after a pursuit and returned him to the bridge. A physical search of the vehicle discovered the following:

1. One (1) Mossberg International, Model 715T, .22 caliber, semi-automatic rifle, serial number MD3729345;
2. Two hundred fifteen (215) rounds of 12-guage ammunition;
3. One hundred eight (108) rounds of 9mm caliber ammunition;
4. Eighty-six (86) rounds of .40 caliber ammunition;
5. Twenty-one (21) rounds of .22 caliber ammunition;
6. Two hundred twelve (212) rounds of .223 caliber ammunition;
7. Three hundred eight (308) rounds of 5.56 caliber ammunition;
8. Four (4) rounds of .45 caliber ammunition;
9. Ten (10) rounds of 16-gauge shotgun ammunition;
10. Twenty-six (26) rounds of 20-gauge shotgun ammunition;
11. Three (3) .40 caliber magazines;
12. Two (2) 9mm magazines;
13. One (1) .22 caliber magazine;
14. Three (3) 5.56 caliber magazines; and
15. One (1) 50-round 9mm drum magazine.

The recovered .22 caliber semi-automatic rifle was manufactured outside the State of Texas and affected interstate commerce.

Upon interview, **VILLEGAS** admitted that he had conspired to illegally transport the firearms and ammunition from the United States to Mexico at the direction of an individual in

the Cartel Del Gulfo in exchange for monetary gain.

**VILLEGAS** then granted agents consent to search his residence where agents located the following:

1. Five hundred ninety-four (594) rounds of .22 caliber ammunition;
2. Thirty-eight (38) rounds of .20-gauge shotgun ammunition;
3. Six (6) rounds of 16-gauge shotgun ammunition;
4. Eight (8) rounds of 12-gauge shotgun ammunition;
5. One (1) round of .380 caliber ammunition;
6. Fifteen (15) rounds of .40 caliber ammunition; and
7. Twenty-five (25) rounds of .45 caliber ammunition.

The defendant knowingly conspired to transport a firearm to another person, in or otherwise affecting interstate commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the proposed plea agreement accurately and fully describes my plea agreement with the government.

_____
Defendant

_____
Counsel for Defendant

_____
Assistant United States Attorney